

IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. **CF0665-23** |
| | ) | GPD Report Nos. 22-03456/23-24806 |
| | ) | |
| vs. | ) | |
| | ) | |
| **CHRISTOPHER GOGO CALITIS,** | ) | DECISION AND ORDER |
| aka Christopherdel Gogo Calitis, | ) | GRANTING DEFENDANT'S |
| aka Christopher Del Calitis, aka Christopher | ) | MOTION FOR A DEFERRED |
| Delgogo Calitis, | ) | FAMILY VIOLENCE PLEA |
| | ) | |
| DOB: 04/13/1979 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **INTRODUCTION**

This matter came before the Honorable Judge Maria T. Cenzon on February 19, 2025, for a hearing on Defendant Christopher Gogo Calitis's ("Defendant" or "Defendant Calitis") Motion for an Order Granting Deferred Plea (the "Motion"). Defendant is represented by Assistant Public Defender Peter J. Sablan. Assistant Attorney General Valerie A. Nuesa represents the People of Guam ("the People"). On February 19, 2025, at the conclusion of the Motion Hearing, the Court took the matter under advisement pursuant to CVR 7.1(e)(6)(D) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM. After having received and reviewed the pleading, oral arguments, the applicable law and the record on file herein, the Court issues the following Decision and Order **GRANTING** Defendant's Motion.

# RELEVANT BACKGROUND

## A.     The Charges Against Defendant.

On October 24, 2023, the grand jury returned an Indictment charging the following offenses against the Defendant: the First Charge of Terrorizing (As a Third Degree Felony) with a *Notice: Commission of a Felony While on Felony Release*, the Second Charge of Simple Stalking (As a Third Degree Felony) with a *Notice: Commission of a Felony While on Felony Release*, and the Third Charge of Family Violence (As a Misdemeanor). *See Indict.* (Oct. 24, 2023).

The Indictment stems from the following events as contained in the Declaration of Probable Cause:

> On February 3, 2022, at approximately 1:30 p.m., officers responded to a terrorizing complaint at a residence in Mangilao. Upon arriving at the scene officers met with Lynn Castro ("Victim"), who reported the following. On February 2, 2022, during her lunch break, her husband, [the Defendant], was accusing her of having an affair. **Defendant indicated that he had placed a cellphone within Victim's vehicle in order to track her location while she was away from home. Defendant further questioned Victim about why the GPS indicated that she had left work on foot towards the Hemlani Apartments in Harmon.** When Victim denied leaving work prior to being pick up by Defendant, **Defendant became angry and made threats to "break her face," if she did not tell him the truth**. Victim understood this threat as one to cause bodily injury to her. Victim indicated that Defendant has made similar threats before and had physically assaulted her after making those threats. Victim further indicated that she was in fear of Defendant harming her and she contemplated jumping out of the driver seat as soon as Defendant exited the vehicle so she could flee from him. However, she was too afraid. Defendant continued to question her throughout her lunch break until she left their residence and returned to her work place alone. Victim feared returning home after work, so she slept at her sister's residence.
>
> On February 3, 2022, Victim spent her lunch break at a friend's house. While at her friend's house, she received a call from Defendant who was questioning Victim about her whereabouts. **Defendant asked Victim if she has found the "tracker" he placed in her vehicle. Victim checked within her vehicle and found one of Defendant's cellphones with an active tracking app showing her current location. Defendant then arrived at Victim's location shortly after the phone call and began shouting**

**for Victim to exit the friend's residence.** Victim was feared [sic] for her safety and remained in the residence until police were contacted.

Then on October 15, 2023, officers took an assault/family violence walk-in complaint at the Dededo Precinct Command. Officers met with Victim who reported the following. On October 14, 2023, at around 3:45 p.m., Victim and Defendant were seated inside her vehicle, 2018 Black Dodge Durango, outside the Guam Premier Outlet—closer to the Ajisen restaurant when they were arguing. **Defendant grabbed the rear portion of Victim's hair and yanked it towards him.** Defendant proceeded to drive to Jimmy Dee's and parked at the bottom of the hill. **Defendant then used his right hand to "choke" Victim's neck and subsequently punched Victim in the back of her head and neck at least five to six times. Victim used her hands to cover her head while Defendant punched both sides of her upper arms.** Victim remained conscious throughout the entire incident. However, after about 20 seconds, **Victim had a difficult time breathing** and she began fighting back—punching in Defendant's direction to break free of his hold. When officers conducted an injury check on Victim, they observed the following: **Victim's right knuckles were injured (swollen/redness); bruises the size of a tennis ball on Victim's upper right arm; a bruise on Victim's upper left arm; and slight discoloration on Victim's neck.**

*Decl. of Prob. Cause* (Oct. 18, 2023) (emphasis added).

The factual basis for the Notice of Commission of a Felony while on Felony Release is that Defendant was on pre-trial release in his other cases: CF0298-20 and CF0419-21 (both involving Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony)(the "Possession Cases"), at the time of the alleged offenses.

**B.      People oppose Defendant's Motion due to escalating violent behavior.**

Defendant seeks an order of this Court granting a deferred plea pursuant to 9 GCA § 30.80.1(e),[1] arguing that "the facts of this case would not bar a deferred guilty plea for family violence." *Deft.'s Mot.* at 2. Defendant Calitis submits that he has not been convicted of a felony

---

[1] "Any defendant who is not specifically ineligible for the deferral process pursuant to Subsection (a) of this § 30.80.1 may apply to the court, by noticed motion for an order granting a deferred plea. The prosecuting attorney may oppose this application." 9 GCA § 30.80.1(e).

involving violence within the last seven (7) years; has not previously participated in a diversion or deferred plea program for family violence; was not previously sentenced to an offense in violation of Chapter 30 of Title 9 of the Guam Code Annotated; and that the current charge does not involve allegations of serious bodily injury or a crime involving sexual conduct. *See Id.*

Because the People do not agree that the Defendant is eligible for a deferred plea as to the Family Violence charge, the Defendant further moves this Court to consider the factors as prescribed in § 30.80.2(a). In this matter, the Defendant submits that "serious bodily injury or criminal sexual penetration have not been alleged," and "there is nothing in this case that would indicate that the [D]efendant would not benefit from counseling." *Id.* at 3-4.

The People oppose Defendant's Motion and have declined to offer the Defendant a deferred plea on the grounds that Defendant's conduct evidences an escalation of abusive behavior, resulting in physical injuries to the Victim, and upon which a separate civil protective order was issued against the Defendant. *See Ppl.'s Opp'n.* at 4. The People submit that the Defendant's conduct "intensified from stalking the Victim by placing his own cellphone in her vehicle–against her consent and without her knowledge–in order to track her whereabouts, to threatening the Victim with bodily harm verbally, before ultimately culminating in physical violence against her." *Id.* The Victim's injuries include bruising, pain and swelling to her head, neck and upper extremities, which were observed by officers the next day. *See Id.*

**C.      Change in Circumstance Since the Filing of the Indictment against Defendant.**

Since the filing of the charges in this case, there have been significant changes in the Defendant's behavior, ultimately resulting in progressive reduction in the stringency of the release conditions imposed upon him and in the Court granting the Victim's request to restore contact.

The Court considers these changes relevant in determining whether Defendant is a good candidate for probation and, therefore, a deferred family violence plea.

## 1. Defendant is currently released on his own recognizance.

Defendant was initially detained in this case on October 18, 2023, on $10,000.00 cash bail. *Commitment Order* (Oct. 18, 2023). On November 6, 2023, defense counsel filed a Motion and Application for Bail Redetermination (the "Motion") seeking his release on his own recognizance, on electronic monitoring or to third party custodians. On December 18, 2023, Magistrate Judge Jonathan R. Quan held a hearing on the Motion, ordered a home assessment for Electronic Monitoring and set a further hearing on the Motion for January 3, 2024. *Minutes of 12/18/2023 Motion Hearing—Bail Redetermination for Release on PR/EM or TPC* at 10:11:31 AM to 10:22:27 AM (Dec. 18, 2023). On December 21, 2023, the Electronic Monitoring ("EM") Team of the Probation Services Division filed an Informational Report indicating "Areas of Concern" with respect to the Defendant's release on EM. Defendant's previous non-compliance in CF0298-20, resulting in the filing of eleven (11) violations and two bench warrants, as well as his non-compliance in CF0419-21, wherein he accumulated five (5) violations, one (1) bench warrant and (1) warrant of arrest concerned Magistrate Quan and, during the hearing on the Motion, Defendant withdrew the Motion and requested to refile with Third Party Custodians ("TPCs"). *Minutes of 1/3/2024 Motion Hearing—Bail Redetermination for Release on PR/EM or TPC* at 11:05:49 AM to 11:47:07 AM (Jan. 3, 2024).

On January 29, 2024, during a hearing on the Motion Re. Bail Redetermination to TPCs, Magistrate Quan agreed to release Defendant on EM to TPCs and on a PR bond of $10,000.00. See, *Order of Conditional Release and Appearance Bond* (Jan. 29, 2024); *Minutes of 1/29/2024*

*Motion Hearing—Bail Redetermination for Release on TPC* at 11:33:41 AM to 12:02:52 PM (Jan 29, 2024).

On April 4, 2024, during a hearing before this Court, EM Probation reported that Defendant was eligible for residential treatment at Lighthouse Recovery Center (LRC) and recommended that the Court remove Defendant from EM in order to participate in the program. *Informational Report re. Electronic Monitoring* (April 4, 2024). The Court granted the request and further relieved the TPCs of their obligations "because Defendant will be under the custody and care of LRC." *Minutes of 4/4/24 Hrg.* at 11:11:10 AM to 11:19:19 AM (Apr. 4, 2024); *Order After Hrg. Re. Assessment for Placement and Residency* (Apr. 29, 2024). Unfortunately, nearly a month later, Defendant departed without authorization and against the recommendations of LRC from the residential treatment facility. *Informational Report re. Treatment Status* (May 30, 2024). The Court issued a Bench Warrant and Defendant was held in custody from May 15, 2024, to June 7, 2024.

On Jun 7, 2024, during a hearing before this Court, Defendant was released on his original conditions before entering into LRC: EM, TPC, and ordered to report to Probation weekly in person. *Order of Conditional Release and Appearance Bond* (June 7, 2024). Defendant was also ordered to stay away from the Victim, as in previous orders. *Id. at* ¶ 6. The Court also addressed his proposed TPC, his mother Helen Calitis, and she swore on the record that she was willing and able to serve as Defendant's TPC. The Court did not observe anything in her testimony at the time that would indicate an inability to serve as TPC.

On November 19, 2024, the Defendant requested that the Court permit him to accompany his third-party custodian to her medical appointments. *Def's Mot. to Modify Pre-Trial Release Conditions* (Nov. 19, 2024). On November 26, 2024, the Court granted the Defendant's Motion to modify his release conditions to allow Defendant to take his TPC to her medical appointments, but

also relieved Mrs. Calitis from her obligations to serve as TPC due to her medical condition. *Minutes of 12/18/2023 Motion Hearing* at 10:43:50 AM to 10:51:35 AM (Nov. 26, 2024).[2] Defendant was ordered to remain on EM and house arrest. *Id.* At the time, the only violation that Defendant had accrued in this case was for discharging himself from LRC the previous May.

On January 24, 2025, the Defendant sought approval to allow him to go to the Airport in order to see his daughter and grandson depart from the island. *Mot. to Allow Def. to Go To the Guam International Airport* (Jan. 24, 2025). The People filed a Non-Opposition to the Motion. *People's Non-Opp. to Allow Defendant to Go to the Guam International Airport* (Jan. 29, 2025). During the Court hearing on the Motion on January 30, 2025, the Government informed the Court that, in addition to not opposing Defendant's motion to allow him to go to the airport, the Victim wanted to re-establish contact with the Defendant, and that the Government also confirmed that Defendant had no recent violations since being released again on EM and did not oppose removing Defendant from EM and from relieving the TPCs of her obligation. *Minutes of 1/30/2025 Motion Hearing* at 8:58:28 AM to 9:05:09 AM (Jan. 30, 2025). See also, *Order Re. Def's Mot. to Allow Def. to Go to the Guam International Airport & Modifications of Release* (Feb. 5, 2025).

Since the modifications were granted by the Court, Defendant has been fully compliant with the conditions of his release.

**2. The Victim previously sought and then dismissed a Protective Order Petition and sought to restore contact.**

On November 8, 2023, Judge Arthur R. Barcinas granted the Victim an Order of Protection against Defendant in Protective Order PO Case No. PO0101-23. *Order of Protection* PO0101-23

---

[2] During the November 2024 hearing, the Court observed his TPC to be suffering from symptoms of her rapidly progressing dementia, which was significantly different from her condition when the Court addressed the TPC originally only a few months earlier.

(Nov. 8, 2023). However, on May 8, 2024, Petitioner, the named victim in this criminal case, filed a Petition to Dismiss Order of Protection, citing her reason as: "I am no longer in fear for my safety and would like to communicate freely with the Respondent [Defendant]. Also, to have more parental involvement from my children's father." *Petition to Dismiss,* Protective Order PO Case No. PO0101-23 at ¶ 3 (May 8, 2024). On June 14, 2024, the Court issued the Order After Hearing Re: Dismissal (Jun. 14, 2024). There have been no new Petitions for an Order of Protection against the Defendant and no violations filed for any breach of the "no harass, no threaten, no molesting" conditions of his release.

### 3. The Defendant is currently in outpatient treatment and compliant with probation conditions in CF0298-20 and CF0419-21.

Despite his early non-compliance with treatment, Defendant has re-engaged with treatment, has completed his out-patient treatment with Lighthouse Recovery Center, and, at the last hearing, informed the Court that he is still attending sober support meetings. Consequently, the Court further relaxed his release conditions and has permitted Defendant Calitis to perform his community service hours in CF0298-20 and CF0419-21 at the Guam Police Department. *Minutes of 2/19/2025 Motion Hearing* at 10:09:03 AM to 10:11:22 AM (Feb. 19, 2025).

### DISCUSSION

**A.     The Guam Legislature has declared its statutory intent to allow "first time offenders" of Family Violence to receive counseling, education and treatment pursuant to a deferred plea.**

Guam Public Law 31-103 (Oct. 4, 2011) is entitled "AN ACT TO AMEND § 10405(b) OF CHAPTER 40, TITLE 7, GUAM CODE ANNOTATED; AND TO REPEAL AND REENACT §§30.80 THROUGH 30.80.5 OF CHAPTER 30, TITLE 9, GUAM CODE ANNOTATED, RELATIVE TO DEFERRED PLEAS FOR DOMESTIC VIOLENCE

ABUSERS." Within the language of the law itself, the Legislature declared an unequivocal intent to permit "first-time" family violence offenders the opportunity to participate in a "deferred plea" agreement after it adopted the findings of the Bureau of Justice, the National Coalition Against Domestic Violence, the American Bar Association and most national victims' support groups "that if first-time offenders receive counseling, education and in some cases, clinical treatment; they are less likely to reoffend." Family Violence Act, Pub. L. 31-103:1 (2013).

The resulting statute relating to the deferred family violence plea is codified in Sections 30.80 through 30.80.5 of Chapter 30, Title 9, Guam Code Annotated. 9 GCA § 30.80.1 provides the eligibility requirements under the deferred plea and includes an absolute bar to defendants who fall within 9 GCA §30.80.1(a)(1)-(4).

9 GCA §30.80.1(a)(1)-(4) provides the following eligibility requirements:

The following persons are ineligible for the deferred plea for family violence process:

(1) a defendant who has a felony conviction for any offense involving violence within seven (7) years prior to the alleged commission of the charged offense;

(2) a defendant who has participated in a diversion or deferred plea program for family violence, or a similar offense in Guam or another locality;

(3) a defendant who has been sentenced for a violation of §30.40 of this Chapter within one (1) year prior to the alleged commission of the charged offense; or

(4) a defendant whose current charge involves serious bodily injury as defined in Subsection (c) of §16.10, Chapter 16 of this Title, or criminal sexual conduct involving sexual penetration as defined in Item (9) of Subsection (a) of §25.20, Chapter 25 of this Title, unless the court finds that due to unusual circumstances deferral of the criminal proceedings is manifestly in the interest of justice.

Of course, a defendant who is not automatically ineligible for a deferred plea based upon the conditions of preclusion is not guaranteed a deferred plea.[3] Instead, the law places the onus upon the prosecution, the first instance, to determine eligibility and whether such a deferred plea would be extended to a defendant who qualifies:

> (c) The prosecuting attorney *shall determine* whether the defendant is ineligible for deferral by reason of any of the factors set forth in Subsection (a) of this §30.80.1. If the prosecutor finds that the person is not ineligible, and will agree to a deferred pea, the prosecutor *shall notify* the defendant.
>
> (d) If the prosecutor finds that the defendant is ineligible, or if the prosecutor will not agree to a deferral although the defendant is not excluded by reason of Subsection (a) of this §30.80.1, the prosecutor *shall notify* the defendant.

9 GCA §30.80.1(c), (d) (emphasis added).

The statute then provides that "any defendant who is not specifically ineligible for the deferral process pursuant to Subsection (a) of this §30.80.1 may apply for the court, by notice for an order granting a deferred plea." 9 GCA §30.80.1(e).

In any event, under the deferred plea provisions of the Family Violence Act, the prosecutor is required to decide whether a defendant is eligible and to notify the defendant of such eligibility; or, if he or she is eligible, but the prosecutor will not agree to a deferral, the prosecutor is still required to notify the defendant. On November 17, 2023, the People determined that: "The Defendant is Ineligible for the Family Violence Deferred Plea Agreement process under the factors set forth in 9 GCA § 30.80.1 and the Attorney General will not agree to offer a Deferred Plea Agreement for this case." *Ntc. Re. Def's Eligibility for Family Violence Deferred Plea*

---

[3] 9 GCA § 30.80.1(b) ("[t]he fact that a defendant is not made ineligible by Subsection (a) ... does not automatically entitle a defendant to the deferred guilty plea for family violence.").

*Agreement Pursuant to 9 GCA § 30.80 and 30.80.1* (Nov. 17, 2023). Consequently, Defendant filed the instant Motion pursuant to Section 80.30.1(e).

Thus, the Court's analysis is two-prong: (1) is the defendant ineligible (as declared by the People) under Section 30.80.1(a)(1)-(4), and (2) if the defendant is not ineligible - or to put it more clearly - if he is otherwise eligible, the trial court must then consider the nature and extent of the injury inflicted upon the victim, any prior incidents of family violence by the defendant, and any factors which would adversely influence the likelihood of successful completion of the deferred guilty plea agreement. 9 GCA §30.80.2(a). The Court's decision in this matter shall be final and shall not constitute an appealable order. 9 GCA §30.80.2(d).

**1.      The Defendant is *not* ineligible for a deferred plea.[4]**

Contrary to the People's eligibility determination, the Defendant is *not* "Ineligible for the Family Violence Deferred Plea Agreement process under the factors set forth in 9 GCA § 30.80.1."[5] None of the factors enumerated therein apply to the Defendant to automatically disqualify him from a deferred plea: (1) he does not have any prior felony convictions for any offense involving violence *within the last seven (7) years;* (2) he has not previously participated in a diversion or deferred plea program for family violence or similar offense in Guam or any other locality; (3) he has not been previously sentenced for a violation of 9 GCA §30.40; and (4) the current charge does not allege serious bodily injury or criminal sexual conduct involving sexual penetration. Thus, the Court finds that the Defendant is not ineligible for a deferred plea

---

[4] After reviewing the requirements and the Defendant's particular facts and circumstances, the Court finds that Defendant has satisfied 9 GCA § 30.80 by filing a proper pre-trial motion where he agrees to volunteer a guilty plea to a misdemeanor charge of family violence and to participate in education, counseling, and/or treatments) as can be directed by this Court.

[5] The People recognize that this determination may have been selected by the prosecution in error; however, commit to declining to offer a deferred plea. See Opposition at p. 3.

under the Section 30.80.1 factors. The Court next queries whether other factors warrant a denial of a deferred family violence plea.

### 2. Weighing the factors set forth in Section 30.80.2 in considering the Motion.

#### i. The nature and extent of injury inflicted upon the victim.

The nature and extent of the injuries inflicted upon the victim, as set forth in the Complaint through the declaration of probable cause, if taken as true for the purpose of the Motion, are worrisome to the Court. In this case, the Victim suffered the following injuries: (1) swollen/redness of the Victim's right knuckles, (2) bruises the size of a tennis ball on Victim's upper right arm, and (3) slight discoloration on Victim's neck – it is notable that the Victim reported difficulty breathing due to the "choking." *Decl. of Prob. Cause* (Oct. 18, 2023). The Court further finds troubling the Defendant's escalating conduct leading up to the Victim's injuries, as alleged in the first two felony charges in this matter. The Defendant left his cellphone in her vehicle to "track" her while she was away from home. *Id.* The Defendant made threats to "break her face" if she did not tell him the truth, and the Defendant continued to question the Victim on multiple occasions while continuing to make reference to the "tracker." *Id.* The Victim reported being "in fear of Defendant harming her" and "feared for her safety." *Id.*

Thus, the extent and circumstances of the injuries upon the Victim, while not life-threatening, still **weighs against** granting the Defendant a deferred plea.

#### ii. Any prior incidents of family violence by the Defendant.

The Defendant has no prior criminal history of family violence, whether committed against this Victim or any other individual. The Court noted, *supra,* that Defendant was previously subject to a protective order in PO0101-23 in relation to this instant matter. *See Petit. for Temp. Order of Prot. and Order to Show Cause, PO0101-23* (Oct. 20, 2023). However, as discussed

previously, the Victim sought to dismiss the petition and did not seek a permanent restraining order against the Defendant. In support of the dismissal, the Victim indicated that she no longer feared the Defendant and wanted him to have more involvement in the couple's children's lives. Additionally, the Victim has since requested this Court lift the stay-away order for the same purpose. Under these circumstances, the Court finds that this factor weighs **in favor of** granting the Defendant a deferred plea.

> iii. **Any factors that would adversely influence the likelihood of successful completion of the deferred plea agreement.**

As the Court has discussed in detail herein, the Defendant's behavior while on pre-trial supervision since his initial release by the magistrate on January 29, 2024, has justified a progressive reduction of his conditions of release. Despite the initial failure of residential treatment, the Defendant, who also serves as a caregiver for his ailing mother, has had no further violations and has established a commitment to treatment as well as compliance with court orders. No violations have been issued since April 27, 2023, and Defendant's recent UA on May 20, 2025, yielded negative test results.

Moreover, Defendant has shown not just a willingness but a strong desire to complete conditions of his probation in the prior Possession Cases, seeking an exception to his house arrest conditions in this case to allow him to perform community service at the Guam Police Department. See *Minutes of 2/19/2025 Hrg.* at 10:10:09:03 AM. He has also completed his treatment with LRC and continues to attend sober support meetings. *Id.* The Court finds that this factor **weighs in favor of** granting a deferred plea.

//

//

## CONCLUSION

For the reasons set forth herein, the Court hereby finds that although the People deemed Defendant ineligible for a deferred plea agreement pursuant to 9 GCA §30.80.1, or refused to extend a deferred agreement, the Court finds that, applying the factors set forth in 9 GCA §30.80.1 and 30.80.2 under the unique circumstances of this case, the Defendant is entitled to a deferred family violence plea agreement. Therefore, the Defendant's Motion is **GRANTED**.

Under separate cover, the Court shall be issuing a Notice of Further Proceedings hearing.

**SO ORDERED** this 20th day of May, 2025.

_____
**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG, PDSC

Date: 5/20/25 Time: 5:14 pm

Antonio R. Cruz
Deputy Clerk, Superior Court of Guam